JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
James A. Goeke
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 14 2018

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>RODOLFO RAMIREZ, Jr.,<br><br>            Defendant. | No.: 2:17-CR-00230-TOR<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and James A. Goeke, Assistant United States Attorney for the Eastern District of Washington, and Defendant RODOLFO RAMIREZ, Jr., and Defendant's counsel, John Stephen Roberts, agree to the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

Defendant RODOLFO RAMIREZ, Jr., agrees to plead guilty to Count 1 of the Indictment in this case charging Defendant with: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant understands that Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), is a Class C felony which carries a

PLEA AGREEMENT - Page 1 of 10

term of up to ten years imprisonment; a fine not to exceed $250,000; not more than three years of supervised release; restitution; and a $100.00 special penalty assessment. Defendant RODOLFO RAMIREZ, Jr., understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the United States Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant agree to recommend that Defendant RODOLFO RAMIREZ, Jr., be sentenced to a term of imprisonment of not less than 18 months incarceration and not more than 24 months incarceration.

If the Court does not accept Defendant's guilty plea, does not accept the Plea Agreement, or chooses to sentence Defendant to a greater or lesser sentence of incarceration than the United States and Defendant have agreed upon, the Defendant and the United States may each withdraw from the Plea Agreement and the Plea Agreement shall be null and void.

PLEA AGREEMENT - Page 2 of 10

3. <u>Waiver of Constitutional Rights:</u>

Defendant, RODOLFO RAMIREZ, Jr., understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offense:</u>

The United States and Defendant agree that in order to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), the United States would have to prove beyond a reasonable doubt the following elements:

(a) First, on or about July 1, 2016 in the Eastern District of Washington, Defendant knowingly possessed a firearm, to wit a Taurus, model 45-410 "The Judge," .45 Long Colt/.410 caliber/gauge revolver, bearing serial number AR492724;

(b) Second, at the time Defendant possessed the firearm, Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and,

(c) Third, the firearm had been shipped and transported in interstate and foreign commerce.

PLEA AGREEMENT - Page 3 of 10

5.  **Factual Basis and Statement of Facts:**

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant RODOLFO RAMIREZ, Jr.'s guilty plea:

On July 1, 2016, Defendant RODOLFO RAMIREZ, Jr. was interviewed after advisement of this *Miranda* rights following during the investigation of a shooting incident in Grant County, Washington in the Eastern District of Washington. RODOLFO RAMIREZ, Jr. stated that earlier on July 1, 2016, his vehicle broke down and while parked alongside the road, another vehicle approached and a male in the vehicle challenged RODOLFO RAMIREZ, Jr. regarding his gang status. The other male then reached for something in the vehicle and RODOLFO RAMIREZ, Jr. then heard "firing". RODOLFO RAMIREZ, Jr. admitted breaking into a nearby house and stealing a firearm. RODOLFO RAMIREZ, Jr. claimed he took the firearm out of fear for his life. RODOLFO RAMIREZ, Jr. stated he left the firearm he took on the doorstep of another nearby house, where it was later recovered by law enforcement. The firearm RODOLFO RAMIREZ, Jr. possessed on July 1, 2016 is a Taurus, model 45-410 "The Judge", .45 Long Colt/.410 caliber/gauge revolver, bearing serial number AR492724, made in Brazil.

Prior to July 1, 2016, RODOLFO RAMIREZ, Jr., had been convicted of multiple crimes for which he could have received a sentence in excess of one year in prison, to include the following convictions:  1) Assault-Second Degree and Burglary Second-Degree, Grant County Superior Court (December 21, 2004); 2) Malicious Mischief-First Degree and Assault-Third Degree, Grant County Superior Court (February 8, 2005); 3) Malicious Mischief-Second Degree, Grant County Superior Court (May 10, 2005); 4) Custodial Interference-First Degree, Grant County Superior Court (May 10, 2005); 5) Possession of a Controlled Substance-Methamphetamine,

Grant County Superior Court (April 11, 2006); and, 6) Criminal Mischief-Deadly Weapon, Grant County Superior Court (February 23, 2015).

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

6.      The United States Agrees:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this matter, unless Defendant breaches this Plea Agreement any time before sentencing.

7.      United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG" or "Sentencing Guidelines") are applicable to this case and that the Court will determine the Defendant's applicable Sentencing Guidelines range at the time of sentencing. Defendant understands that the Court is not bound in impose a sentence consistent with the USSG calculations.

(a.)    Base Offense Level:

The United States and Defendant have no agreement regarding the base offense level under the USSG.

(b.)    Guideline Adjustments:

The United States and Defendant have no agreement regarding any applicable USSG enhancements or USSG reductions. The parties agree and acknowledge that various enhancements and/or reductions may apply under the USSG and each party is free to argue for any additional reductions and/or enhancements under the USSG that either party believes are appropriate.

(c.) <u>Acceptance of Responsibility</u>:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and provides written notification that he intends to enter a plea of guilty no later than February 14, 2018, the United States will move for a two (2) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and an additional one (1) level downward adjustment pursuant to USSG §3E1.1 (b) if the Court determines the Defendant's adjusted offense level is 16 or higher.

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a two (2) or three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

Furthermore, Defendant agrees to pay the $100 mandatory special penalty assessment for each count of conviction to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

(d.) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Pre-Sentence Investigative Report ("PSR"). As of this date, the facts regarding the Defendant's criminal history are related in the Pretrial Services Report in this case. The United States and the Defendant have made no agreement as to the criminal history category, which shall be determined after the PSR is completed.

PLEA AGREEMENT - Page 6 of 10

(e.) <u>Guideline Range</u>:

The parties have no agreement regarding the applicable sentencing range under the USSG. Again, the parties also have no agreement regarding the Defendant's criminal history. Defendant also understands that the Court will ultimately determine the applicable sentencing guideline range and is not bound to follow the recommendations of the parties and that the Court may also depart or vary upward or downward under the appropriate circumstances from the applicable advisory sentencing range.

8. <u>Departures</u>:

The parties have no agreement regarding departures under the United States Sentencing Guidelines and the parties have no agreement regarding variances under 18 U.S.C. § 3553. The parties may seek any sentence of incarceration pursuant to Fed. R. Crim. P. 11(c)(1)(C) within the range of not less than 18 months incarceration and not more than 24 months incarceration.

9. <u>Incarceration</u>:

(a.) <u>Length of Imprisonment</u>:

The United States and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) to recommend that Defendant be sentenced to a term of imprisonment of not less than 18 months incarceration and not more than 24 months incarceration.

(b.) <u>Bureau of Prison Recommendations</u>:

The United States Attorney's Office for the Eastern District of Washington acknowledges that Defendant may intend to request the Court recommend that the Defendant be allowed to serve any sentence of imprisonment at a specific institution. Defendant understands that any decision concerning Defendant's place of incarceration is within the exclusive province of the Bureau of Prisons.

PLEA AGREEMENT - Page 7 of 10

10. <u>Criminal Fine</u>:

The United States and Defendant have no agreement concerning a criminal fine. The United States is free to advocate for a criminal fine and the Defendant is free to oppose a criminal fine.

11. <u>Supervised Release and/or Probation</u>:

Defendant understands that the United States will request a maximum term of supervised release to include the following special condition, in addition to whatever other special conditions the Court may impose and in addition to the standard conditions of supervised release: the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

The United States is free to recommend additional special conditions of supervised release at the time of sentencing and during the period of supervised release. Defendant is free to oppose any additional conditions of supervision at the time of sentencing and during the period of supervised release and is free to make any recommendation concerning the length of supervised release.

12. <u>Mandatory Special Penalty Assessment</u>:

Defendant agrees to pay the $100 mandatory special penalty for each count of conviction to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. <u>Payments While Incarcerated</u>:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14. Restitution:

The parties have no agreement regarding restitution. The United States is free to request any restitution amount authorized by statute.

15. Additional Violations of Law Can Void Plea Agreement:

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

16. Waiver of Appeal and Collateral Attack Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction, any restitution order, and the sentence of incarceration the Court imposes, provided any sentence of incarceration is not less than 18 months imprisonment and not more than 24 months imprisonment. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17. Integration Clause:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree

that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

JOSEPH H. HARRINGTON
United States Attorney

_____     Feb. 7, 2018
James A. Goeke                                      Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     2-7-18
RODOLFO RAMIREZ, Jr.                     Date
Defendant

I have read this Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____     2/7/18
John Stephen Roberts                         Date
Attorney for the Defendant

PLEA AGREEMENT - Page 10 of 10